1064-20401                                                                                                    1362631

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **SCOTT CROCHET** | **CIVIL ACTION NO: 6:18-CV-00822** |
| **VERSUS** | **UNDESIGNATED DISTRICT JUDGE** |
| **MORTON SALT, INC.** | **MAGISTRATE JUDGE** |
| | **CAROL B. WHITEHURST** |

## MORTON SALT, INC.'S ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel comes, defendant, Morton Salt, Inc. ("defendant"), and responds to the Original Complaint filed by plaintiff, Scott Crochet ("plaintiff"), as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

This Honorable Court lacks subject matter jurisdiction, as plaintiff's exclusive remedy is in workers' compensation.

### THIRD DEFENSE

The Original Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### FOURTH DEFENSE

Defendant pleads that there has been insufficient process or insufficient service of process.

**FIFTH DEFENSE**

And now, without waiving any of the foregoing defenses, defendant responds to the allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations of Paragraph 1 of plaintiff's Original Complaint are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that defendant, Morton Salt, Inc., is a foreign corporation licensed to do business and doing business in the state of Louisiana within the jurisdiction of this Court. Except as expressly admitted, the allegations of Paragraph 2 of plaintiff's Original Complaint are denied.

3.

The allegations contained in Paragraph 3 of plaintiff's Original Complaint contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations are denied.

4.

The allegations contained in Paragraph 4 of plaintiff's Original Complaint contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations are denied. Further, defendant expressly denies that plaintiff, Scott Crochet, qualifies as a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

5.

It is admitted that on or about January 29-30, 2016, plaintiff was employed by defendant. Except as expressly admitted, the allegations of Paragraph 5 of plaintiff's Original Complaint are denied.

6.

The allegations contained in Paragraph 6 of plaintiff's Original Complaint, including subparts (1) through (7), are denied.

7.

The allegations contained in Paragraph 7 of plaintiff's Original Complaint, including subparts (1) through (2), are denied.

8.

The allegations contained in Paragraph 8 of plaintiff's Original Complaint, including subparts (1) through (10), are denied.

9.

The allegations contained in Paragraph 9 of plaintiff's Original Complaint are denied.

10.

The allegations contained in Paragraph 10 of plaintiff's Original Complaint are denied.

## **SIXTH DEFENSE**

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Original Complaint which have not heretofore been specifically addressed.

## SEVENTH DEFENSE

Defendant specifically avers that plaintiff, Scott Crochet, is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## EIGHTH DEFENSE

Defendant specifically avers that plaintiff cannot satisfy the *Chandris v. Latsis*, 515 U.S. 347 (1995) test for seaman status, as plaintiff cannot show that he has a connection to a vessel in navigation or to an identifiable group of such vessels that is substantial in terms of both its duration and nature. The evidence does not support a finding of Jones Act seaman status.

## NINTH DEFENSE

Defendant avers that plaintiff's sole remedy against it is for compensation benefits under Louisiana Workers' Compensation Act.

## TENTH DEFENSE

Alternatively, defendant avers that plaintiff's sole remedy against it is for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act.

## ELEVENTH DEFENSE

Defendant specifically denies that it owes plaintiff maintenance and cure and/or any other benefits.

## TWELFTH DEFENSE

Alternatively, defendant is entitled to a set off or credit for any and all maintenance and cure, advances on settlement, wages and any and all other allowances paid to plaintiff, including but not limited to any worker's compensation benefits.

4

## THIRTEENTH DEFENSE

Alternatively, defendant avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## FOURTEENTH DEFENSE

Alternatively, defendant alleges that the plaintiff has reached maximum medical improvement, terminating his right to maintenance and cure payments and that any further or additional proposed cure is palliative as opposed to curative and therefore, defendant has no obligation relative to plaintiff's maintenance and cure demand.

## FIFTEENTH DEFENSE

Defendant avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

## SIXTEENTH DEFENSE

Alternatively, defendant specifically contends that defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that defendant provided plaintiff with a seaworthy vessel.

## SEVENTEENTH DEFENSE

Defendant avers that any and all injuries allegedly sustained by plaintiff occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of shipowners, and in particular, the

shipowners' limitation of liability, 46 U.S.C. § 30501, *et seq*.

## EIGHTEENTH DEFENSE

Defendant further avers that if plaintiff sustained any injuries, which is denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which defendant herein is in no way responsible.

## NINETEENTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## TWENTIETH DEFENSE

Defendant specifically denies that the plaintiff was injured as alleged. Alternatively, defendant pleads the contributory negligence of the plaintiff in mitigation of any recovery. More specifically, if the plaintiff sustained any illness or injury, which is denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of the plaintiff in the following particulars, but not limited to:

1.  Failure to exercise reasonable and ordinary care under the circumstances;

2.  Failure to take proper precautions to avoid the alleged accident;

3.  Failure to use safety measures available to prevent the alleged accident; and

4.  Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

## TWENTY-FIRST DEFENSE

Alternatively, as a separate and distinct defense, defendant avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should find that the accident complained of herein was caused or contributed to by the negligence of defendant, which

is also denied, the same was also caused or contributed to by the negligence and lack of due care of the part of plaintiff, and defendant specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

<u>**TWENTY-SECOND DEFENSE**</u>

Defendant alleges and avers that any injuries and/or damages allegedly sustained by plaintiff were caused by the negligence and/or fault of other persons and/or entities for whom this defendant herein is in no way responsible.

<u>**TWENTY-THIRD DEFENSE**</u>

Defendant avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendant or any other person, party, or entity for which defendant would be responsible, were not responsible.

<u>**TWENTY-FOURTH DEFENSE**</u>

While denying any liability to plaintiff whatsoever, defendant further avers that the injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

<u>**TWENTY-FIFTH DEFENSE**</u>

Defendant specifically alleges that plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

7

## TWENTY-SIXTH DEFENSE

Defendant would show that if plaintiff were injured, which is specifically denied, such injury was caused by equipment and/or in an area over which defendant had no control or authority.

## TWENTY-SEVENTH DEFENSE

While denying any liability to plaintiff whatsoever, in the alternative, defendant avers that the incident made the basis of this lawsuit and the damages allegedly sustained by the plaintiff were neither caused by nor contributed to by the defendant, but rather resulted from a fortuitous event as that term is defined by law.

## TWENTY-EIGHTH DEFENSE

Defendant specifically avers that it has fulfilled any and all duties it owes to the plaintiff.

## TWENTY-NINTH DEFENSE

Plaintiff's damages, if any, arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused nor aggravated by any act or omission of defendant, thus barring or mitigating any recovery by plaintiff herein.

## THIRTIETH DEFENSE

Defendant avers that plaintiff's pre-existing and known medical condition was willfully concealed from defendant, and, as such, defendant does not owe plaintiff or any other party any sums to compensate plaintiff for his medical expenses.

## THIRTY-FIRST DEFENSE

Plaintiff's alleged injuries, which are specifically denied, were in no way caused by any negligence on the part of defendant or its employees, agents, contractors, subcontractors, hired hands, or temporary laborers. Rather, to the extent that plaintiff suffered any injuries, such injuries were caused solely by normal work for which defendant is in no way responsible.

## THIRTY-SECOND DEFENSE

Defendant denies that it or anyone for whom it may be responsible is liable for any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident.

## THIRTY-THIRD DEFENSE

The negligence or other fault of plaintiff was a proximate or producing cause of his alleged injuries. Plaintiff failed to exercise ordinary care as would a person in the same or similar circumstances would have.

## THIRTY-FOURTH DEFENSE

Plaintiff's alleged injuries were pre-existing, otherwise unrelated to the alleged incident or attributable to a subsequent event.

## THIRTY-FIFTH DEFENSE

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

## THIRTY-SIXTH DEFENSE

It is plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

## THIRTY-SEVENTH DEFENSE

Defendant reserves the right to supplement, amend, or modify its affirmative defenses and answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendant, Morton Salt, Inc., prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, and against plaintiff, Scott Crochet, dismissing the plaintiff's Original

Complaint with prejudice, and that defendant, Morton Salt, Inc., be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
Rowen A. Fricker (#33135)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Rowen.Fricker@pjgglaw.com
**ATTORNEYS FOR DEFENDANT,
MORTON SALT, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of August, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*